(112 App. Div. 695)

### ROCK et al. v. ACKER PROCESS CO.

(Supreme Court, Appellate Division, Fourth Department. May 2, 1906.)

NUISANCE—ACTION—DAMAGES—EVIDENCE.

In an action for damages caused by the escape of poisonous gases from defendant's factory, evidence *held* to justify a finding that plaintiff was damaged in the sum of $4,000.

Williams and Nash, JJ., dissenting.

Appeal from Judgment on Report of Referee.

Action by James E. Rock and others against the Acker Process Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, AND KRUSE, JJ.

A. K. Potter, for appellant.

P. S. King, for respondents.

KRUSE, J. The only question here for consideration relates to the rule of damages and the ruling of the court in reference thereto, so counsel for appellant states in his brief, and this statement is acquiesced in by counsel for respondent, although the proceedings, if the record discloses fully and correctly what took place in the court below, are somewhat anomalous, for it seems that the referee upon whose report the judgment was entered was only authorized to take the evidence, and report the same to the court with his opinion thereon, and no formal decision was made by the trial judge, as is required by sections 1010 and 1022 of the Code of Civil Procedure, unless the report of the referee, taken in connection with the direction of the trial judge before whom the action was pending, which seems to be in the form of a special term order, initialed by him, may be so regarded. Counsel for the parties desires to have it so regarded, hav-

ing stipulated in writing to that effect, and we will accordingly so treat the matter.

The plaintiffs own certain premises in the city of Niagara Falls, ornamented with shade and ornamental trees and shrubbery. The defendant is a corporation engaged in that city in the business of reducing common salt into its constituent elements, done by an electrical current, about 40 electric furnaces being in operation in the furnace room for that purpose. The process is known as the "Acker Process." Common salt is composed of caustic soda and chlorine gas. The caustic soda is sold in that form, and the chlorine gas is combined with other products, and sold in different forms. At the time in question the chlorine gas was mixed with powdered lime, and became chloride of lime, commonly known as bleaching powder. The defendant erected its works and commenced operations in 1900, and thereafter these gases and fumes were detected. That chlorine gas escaped, and that it kills vegetation and did kill trees and plants in the neighborhood of the factory, is not denied by the defendant. It is found that the defendant from time to time, and frequently from the time it commenced operations down to November, 1903, permitted large quantities of chlorine gas and lime dust to escape from its factory, and that the gas injured and destroyed the trees, shrubs, and vegetation on the plaintiff's premises, and injured the paint and woodwork and metal work on plaintiff's residence, and corroded the metal work and furnishings therein, and made the air in and around the house uncomfortable and unwholesome to breathe; that chlorine gas is poisonous, having a pungent and disagreeable odor, and when present in sufficient quantities in the air is injurious and destructive to animal and vegetable life. But there was a further finding that between November, 1902, and 1903, the defendant by various devices, among others the building of a chimney 240 feet, had minimized the escape of gas and dust so that the escape of gas had not been, since the erection of the chimney in 1903, sufficient in quantity to be injurious to the plaintiffs' property or health, or to render the occupation of the premises by plaintiffs unsafe, or materially injure the person or property of plaintiffs. The plaintiffs' damages were determined to be $4,000, but the injunctive relief was denied.

It is not contended on defendant's behalf that the plaintiffs were not entitled to recover some damages, but it urges that the damages awarded are excessive, that an erroneous rule of damages was adopted, and that exceptions taken to rulings by the referee upon the admission of evidence respecting damages were well taken. Exceptions were taken to the rulings of the referee upon questions of evidence, but he was authorized only to take the proof with his opinion, and the trial judge does not appear to have specifically ruled upon the questions; but the question of practice is not raised, and we will assume, under the peculiar circumstances of this case, that the exceptions taken before the referee are available on this appeal.

1. We have re-examined the record and briefs of counsel in the case of Wattengel v. Acker Process Co., decided by this court in October, 1904, 97 App. Div. 643, 90 N. Y. Supp. 1117, affirmed 183 N. Y. ——, 76 N. E. 1115, where a like action was brought against

the same defendant. The questions of the measure of damages and the admissibility of evidence relating thereto, of like character as here, were raised there, and the judgment· was affirmed in this court and likewise upon appeal to the Court of Appeals. We therefore must regard those questions settled adversely to the defendant.

2. As regards the claim of defendant that the damages awarded are excessive, we think the evidence sustains the conclusion reached by the referee and trial court. At all events, we are not satisfied that the amount of the recovery is so far against the evidence that we ought to interfere with the judgment in that regard.

Judgment should be affirmed, with costs. All concur, except WILLIAMS and NASH, JJ., who dissent.